IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DARREL LANGSTON                                                                                           PLAINTIFF

v.                                          Civil No. 4:18-cv-4087

BOWIE COUNTY SHERIFF DEPARTMENT;
B-I STATE JUSTICE CENTER ("BSJC");
NURSE MS. HILL, BSJC; TRANSPORTING
SUPERVISOR, BSJC; SERGEANT PEDDIE,
BSJC; CAPTAIN JONES, BSJC; and
MS. FLINT, Nurse BSJC                                                                                  DEFENDANTS

**ORDER**

Plaintiff Darrel Langston filed this 42 U.S.C. § 1983 action *pro se* and *in forma pauperis* on June 4, 2018. (ECF No. 1). Before the Court is Plaintiff's failure to keep the Court informed of his current address.

On June 4, 2018, the Court filed an order which stated, among other things, that in the event that Plaintiff is transferred to another facility or released from incarceration, he must inform the Court of his new address within 30 days. This order was mailed to Plaintiff's address of record at the Miller County Correctional Facility, 2300 East Street, Texarkana, AR 71854. On June 11, 2018, all mail sent by the Court to Plaintiff at his address of record was returned as undeliverable. (ECF No. 7). More than thirty days have passed since the mail was returned and Plaintiff has not informed the Court of his current address. Plaintiff has not communicated with the Court since filing this case on June 4, 2018.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court informed of his current address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 7th day of August, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge